UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MONICA NEWMAN, individually and on behalf of all similarly situated; MATTHEW KEITH DOUGLAS, individually and on behalf of all similarly situated; and RUBY JUDINE MALMAN, individually and on behalf of all similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF PAYETTE, an Idaho municipal corporation; CITY OF FRUITLAND, an Idaho municipal corporation,<br><br>      Defendants. | Case No. 1:15-cv-00145-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiffs' motion for an award of attorney fees pursuant to 42 U.S.C. § 1988, Plaintiffs' bill of costs, and Defendants' opposition to the same. Plaintiffs seek a total of $17,523.75 in attorney fees, which includes time spent drafting the reply brief. (Dkt. 50.) Plaintiffs seek also an award of costs in the amount of $1,341.90. (Dkt.

**MEMORANDUM DECISION AND ORDER - 1**

43, 51.) Of these costs, $921.90 are discretionary costs, while $420.00 are claimed pursuant to 28 U.S.C. § 1920 and enumerated on the Plaintiffs' bill of costs. The parties have fully briefed the motion and the matter is ripe for the Court's consideration.

Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1. For the reasons explained, the Court will grant the motion in part.

## BACKGROUND

Plaintiffs are dog owners who sought retrospective and prospective injunctive relief, on behalf of themselves and all those similarly situated, against the cities of Fruitland and Payette from enforcement of the cities' respective pit bull ordinances. The Court permitted a preliminary motion for partial summary judgment limited to the due process claims asserted in Sections X and XIII of the Second Amended Complaint. The Court determined Plaintiff Douglas was the only plaintiff with standing to pursue his claims against the City of Payette, because his dog, Ratchet, was subject to seizure by animal control officers employed by the City of Payette pursuant to the Payette pit bull ordinance.

The Court concluded the Payette pit bull ordinance, specifically PMC §§ 6.08.102(C), (D), and (E) requiring seizure or destruction of dogs found to be pit bulls, violates procedural due process rights. The Court granted Douglas's motion for partial

**MEMORANDUM DECISION AND ORDER  - 2**

summary judgment with respect to his procedural due process claims in Section X of the Second Amended Complaint. Douglas's claims for prospective relief against the city of Payette under Section X and Sections VIII and IX remained for further litigation, because he wanted to bring Ratchet home, and there did not appear to be any provision for Douglas to obtain a dog license for Ratchet under Payette's dog licensing ordinance.

The Court found lack of standing was fatal to Douglas's, Malman's, and Newman's claims against the City of Fruitland contained in Sections XI, XII, XIII of the Second Amended Complaint, and the claims asserted by Malman and Newman against the City of Payette in Sections VIII, IX, X of the Second Amended Complaint.

The parties sought the assistance of a mediator for the remaining claims against the City of Payette, which mediation was unsuccessful. Upon moving outside the city limits of Payette, Douglas lacked standing to pursue his remaining claims and the Court consequently granted the parties' stipulation to dismiss. Plaintiffs reserved their right to file a motion for attorney fees and costs. (Dkt. 41.)

## DISCUSSION

### 1.      Standard for Awarding Fees

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant reasonable attorney fees as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). The lodestar formula should be used to determine a reasonable figure for an award of attorney fees. A plaintiff is considered a prevailing party if it succeeds on any significant issue in litigation that gives some benefit that the plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To satisfy this requirement, the suit must have produced a material

MEMORANDUM DECISION AND ORDER  - 3

alteration of the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, (1992).  But, the degree of a plaintiff's success does not affect the eligibility for an award of fees. *Texas State Teachers Ass'n*, 489 U.S. 782, 790 (1989).

Once the Court has determined that attorney fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. A lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). The first step the Court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal quotation marks and citation omitted). "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie*, 217 F.3d at 1070 (quoting *Frank Music Corp. v. Metro–Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)).

Next, the Court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc*., 526 F.2d

**MEMORANDUM DECISION AND ORDER  - 4**

67, 69–70 (9th Cir. 1975),[1] that have not been subsumed in the lodestar calculation." *Id*. (internal citation and quotation marks omitted). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable' fee, and upward adjustments of the lodestar are proper only in 'rare' and 'exceptional' cases." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (quoting *Delaware Valley*, 478 U.S. at 565).

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *Welch v. Metro. Life Ins Co*., 480 F.3d 942, 946 (9th Cir. 2007). "[N]ormally the relevant legal community for determining the prevailing market rates for attorneys' fees is the community in which the forum is situated." *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir. 1993). The relevant community in this case is Boise, Idaho. *LaPeter v. Canada Life Ins. Co. of Am.*, 2009 WL 1313336 at *2 (D. Idaho May 11, 2009).

## 2.      Prevailing Party

The Court concludes the parties' stipulation to dismiss this action once Douglas moved from the City of Payette does not eviscerate Douglas's prevailing party status. Douglas achieved success on the merits of his procedural due process claim asserted in Section X of the Second Amended Complaint. The Court held Payette Municipal Code

---

[1] The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

§§ 6.08.102(C), (D), and (E) were unconstitutional. The Court's holding constitutes success on the merits of one of Douglas's claims and, despite there being no final judgment entered, the benefit Douglas received related to his civil rights claim. *See Jensen v. City of San Jose*, 806 F.2d 899, 901 (9th Cir. 1986) (noting that the appellate court has upheld the award of attorney fees under Section 1988 when a plaintiff prevailed on one or more civil rights claims).

Douglas's inability to obtain a final judgment because his standing was subject to challenge when he moved outside the city limits is a procedural infirmity that does not eliminate his prevailing party status. *See Mantolete v. Bolger*, 791 F.2d 784 (9th Cir.1986) (awarding fees on appeal where remand to district court did not decide merits of plaintiff's case but did benefit plaintiff and other handicapped persons by imposing stricter standards for determining qualifications of handicapped job applicants); *Fitzharris v. Wolff*, 702 F.2d 836 (9th Cir.1983) (upholding trial court's award of fees where plaintiff's suit won an order preventing his transfer to a state prison even though the case was ultimately mooted by plaintiff's parole). Douglas's success on the merits of his Due Process challenge to Payette's pit bull ordinance is not erased by Payette's "success" at having the case dismissed. *See Hanrahan v. Hampton*, 446 U.S. 754, 759 (1980) (procedural or evidentiary rulings are not matters on which a party could "prevail" for purposes of shifting fees under section 1988). Payette's pit bull ordinance remains unconstitutional as a result of the Court's decision.

**MEMORANDUM DECISION AND ORDER  - 6**

3.      **Reasonableness of the Fee**

Plaintiffs contend they obtained excellent results, and argue entitlement to the full

fee request plus an enhancement over and above the $17,523.75 in fees sought for

pursuing the matter. Plaintiffs argue this Court's recent fee awards in *Latta v. Otter*, 2015

WL 4623817 (D. Idaho Aug. 3, 2015), and *Community House, Inc. v. City of Boise, et.*

*al.*, 2014 WL 1247758 (D. Idaho March 25, 2014), support his $375 hourly rate. In *Latta*

and *Community House*, this Court found lead counsel's hourly rate of $400 per hour

reasonable.

Defendants assert several arguments for reducing the fee award. First, Defendants

argue fees cannot be awarded against the City of Fruitland because all claims against

Fruitland were dismissed. Second, Payette argues fees should be segregated, or reduced,

because it should not be responsible for any fees attributable to Plaintiffs' pursuit of the

matter against Fruitland. Third, Payette argues that, because Plaintiffs' counsel agreed to

a reduced fee of $150 per hour billed to his clients, the hourly rate claimed of $375 per

hour is excessive. And finally, Payette argues Plaintiffs achieved only limited success.

Payette does not contest the reasonableness of the number of hours spent.

Comparing this case with both *Latta* and *Community House* provides a striking

comparison. In both of those cases, the plaintiffs were individuals pursuing vindication of

controversial claims to basic human rights, such as the right to marry for gay and lesbian

couples, and the right of the vulnerable population of homeless persons to be free from

discrimination under the Fair Housing Act. In *Community House*, the Court commented

on the complexity, length, and breadth of the case, as well as the undesirability of the

**MEMORANDUM DECISION AND ORDER - 7**

matter given the contingent nature of the case. In *Latta*, the Court again echoed those sentiments with regard to the complexity and demanding nature of the litigation. In neither case did the plaintiffs ask for a fee enhancement, nor did the Court award one.

While certainly not wanting to diminish Plaintiffs' counsel's experience, expertise, and skill in the area of animal rights, the facts of this case do not merit a rate of $375 per hour, or a fee enhancement. Douglas had his dog taken, and two of the three named plaintiffs lacked standing to pursue any claims. Although it is heartbreaking to lose a pet, this is not a case commensurate with the impact upon the plaintiffs in *Latta* and *Community House* as a result of the civil rights violations which occurred there. Although the area of animal rights is specialized, this case did not require the skills of a highly competent attorney, as there were examples of similar pit bull ordinances elsewhere that had been challenged upon the same grounds as here. Nonetheless, the Court recognizes that not many attorneys would agree to prosecute a case such as this one.

Although the public interest was served here, the Court does not believe the engagement of a lawyer in this case, no matter how skilled or experienced, commands the same hourly rate as the attorneys commanded in *Latta* and *Community House.* In the Court's view, there was nothing involved in the facts or law of this case to allow a lawyer to bring superior skill or experience to bear to justify a higher hourly rate, either through more efficient use of time or by more sophisticated understanding or development of issues. *Gillen v. Gates*, 847 F.Supp.1475, 1480 (C.D. Cal. 1994) (declining to award the same hourly rate in a less complex civil rights case as those awarded in a high profile Fourth Amendment matter resulting in fatalities). The Court is mindful of the rates

**MEMORANDUM DECISION AND ORDER - 8**

charged by the junior associates in *Latta* and *Community House*, who could have handled this matter. There, the Court found hourly rates of $275 appropriate for counsel with 15 years' experience, and the Court will apply that rate here.

As for Defendants' argument that the fee agreement with Plaintiffs dictates the hourly rate, the Court rejects that premise. *Hensley* dictates a reasonable fee, not a contractually agreed to fee. Furthermore, the Court in *Hardenbrook v. United Parcel Service Co.*, 2014 WL 524048 * 8 (D. Idaho Feb. 7, 2014), found the lodestar factors justified a fee that was more than the contractual amount based upon the clients' contingent fee agreement. Accordingly the Court is not bound by the contractually agreed to rate of $150 per hour.

At the rate of $275 per hour, counsel's fee request is reduced to $15,633.75 for the 56.85 hours expended. The final question becomes whether further reduction for limited success is warranted given the claims against Fruitland were dismissed for Plaintiffs' lack of standing. Although the Court concluded above that Douglas prevailed, that determination says "little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Gates v. Deukmejian*, 987 F.2d 1392, 1403 (9th Cir. 1992). Here, Plaintiffs sued both Fruitland and Payette, and succeeded only regarding Douglas's claims against Payette. The claims on which Douglas ultimately prevailed against Payette are based upon a similar statutory scheme as that enacted in Fruitland, and upon the Court's review of the fee petition, it cannot parse out the time spent specifically on the claims against Fruitland versus Payette. However, the Court finds further reduction in the fees is warranted in this case even though the claims are similar.

**MEMORANDUM DECISION AND ORDER  - 9**

Plaintiffs' counsel, given his expertise and experience in this area, should have recognized the obvious standing issue. The Court, in the exercise of its discretion, will reduce the $15,633.75 in attorney fees by 20% ($3,126.75) to account for the unnecessary time spent on the issue of standing with respect to the claims against Fruitland. Further, Fruitland is not responsible to pay any portion of the fee award.

Finally, although the Court concludes Plaintiffs' counsel proceeded without a full understanding or assessment of each of Plaintiffs' standing, the Court is not convinced the claims were frivolous for the purpose of awarding fees under Section 1988. Given the similarities between the two municipal codes applicable to pit bulls, the Court's holding that Payette Municipal Code §§ 6.08.102(C), (D), and (E) are unconstitutional applies equally to invalidate any similar provisions in Fruitland's city code. The Court will therefore not reduce the fee further, and will award $12,507.00 in attorney fees.

## 4.     Costs

Plaintiffs filed a bill of costs requesting the $400.00 filing fee and $20 docket fee allowed pursuant to 28 U.S.C. §§ 1920(1), 1920(5), and 1923. Because Plaintiff Douglas prevailed, the Clerk is directed to tax costs in the amount of $420.00.

Plaintiffs claimed also discretionary costs for two airline flights to Boise—for the summary judgment hearing and for the mediation session; the mediation fee; and parking charges. These costs total $921.90. Payette argues airline fees are not compensable costs allowed by Dist. Idaho L. Rule 54.  Plaintiffs' request for discretionary costs seeks reimbursement for items beyond those allowed by 28 U.S.C. § 1920. But, under Section 1988, the prevailing party "may recover as part of the award of attorney's fees those out-

MEMORANDUM DECISION AND ORDER  - 10

of-pocket expenses that 'would normally be charged to a fee paying client.'" *Dang v.*

*Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (quoting *Harris v. Marhoefer*, 24 F.3d 16, 19

(9th Cir. 1994)). Such out-of-pocket expenses are recoverable when reasonable. *Id.*

Payette does not contend that the other costs are not ones that would normally be

charged to a fee-paying client, only that they are not taxable under Rule 54, which

enumerates those costs taxable under 28 U.S.C. § 1920. Airline travel, parking fees, and

the cost of a mediator are, in the Court's experience, normally charged to a fee-paying

client. Counsel did not incur any unnecessary charges, such as a hotel stay. The Court

therefore finds the discretionary costs claimed of $921.90 are both reasonable and

recoverable.

## CONCLUSION

For the reasons stated, the Court concludes Plaintiff Douglas is a prevailing party

against the city of Payette, and entitled to reasonable attorney fees in the amount of

$12,507.00, and discretionary costs in the amount of $921.90. The Clerk is directed to

separately tax costs for the filing fee and docket fees of $420.00.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)    Plaintiffs' Motion for Attorney's Fees and Costs (Dkt. 44) is **GRANTED IN PART AND DENIED IN PART.**

2)    The Clerk is directed to tax costs (Dkt. 51) in the amount of $420.00.

DATED: April 21, 2016.

Honorable Candy W. Dale
United States Magistrate Judge